**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**MICHAEL G. GARCIA,**

    **Plaintiff,**

vs.                                                                                                                                        **Civil No. 09-1157 MV/RLP**

**MICHAEL J. ASTRUE, Commissioner**
**of Social Security Administration,**

    **Defendant.**

        **MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION.[1]**

This social security benefits appeal is brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3). Plaintiff, Michael G. Garcia ("Plaintiff" herein), challenges the final decision of Defendant, Commissioner of Social Security ("Commissioner" herein), denying his application for benefits under Title XVI, the Supplemental Security Income program. The denial was affirmed by an administrative law judge ("ALJ" herein) who ruled Plaintiff was not disabled withing the meaning of the Social Security Act. Plaintiff sought review by the Appeals Council, which declined to review this matter.

Plaintiff requests an order granting a favorable decision and remand under 42 U.S.C. §405(g), solely for the purpose of awarding benefits, or alternatively, reversal and remand for further proceedings. (Docket No. 16).

For the reasons stated herein, I recommend that Plaintiff's Motion be granted in part, and that the decision of the Commissioner be reversed and that this matter be remanded for additional

---

[1] Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Analysis and Recommended Disposition. A party must filed any objection within this fourteen day period if that party seeks appellate review of the Analysis and Recommended Disposition. Failure to timely file objections with the court will be deemed a waiver of appellate review. Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1114 (10th Cir. 2004).

proceedings.

**I.     Background**.

Plaintiff was born on November 27, 1956, and was six weeks shy of his 50th birthday when his application for SSI benefits was protectively filed. (Tr. 78, 93). He alleged a disability onset date of March 1, 2006. (Tr. 78). His claim was denied initially and on reconsideration. (Tr. 33-37). Plaintiff requested a hearing before an ALJ which was held on October 16, 2008. (Tr. 22-32). The ALJ issued a decision denying Plaintiff's claim on April 28, 2009. (Tr. 11-21) The Appeals Council denied Plaintiff's request for review on September 10, 2009. (Tr. 4-6).

Plaintiff has a 12th grade education. (Tr. 103). He previously worked as a custodian, self employed landscaper and handyman. (Tr. 99). In documents submitted by Plaintiff throughout 2006 and 2007 he cited back pain as the cause of his inability to work. (Tr. 98, 41, 126-131). In his testimony before the ALJ on October 16, 2008, he stated that back pain prevented him from working. (Tr. 28).

### A.     Evidence submitted to the ALJ

Radiologic testing confirms that Plaintiff degenerative disc disease of the lumbar spine with disc protrusions at L2/3, L3/4 and L4/5. (Tr. 143-144, 126, 152). Plaintiff was evaluated by neurosurgeon Erich Marchand M.D., on November 3, 2006. Dr. Marchand's report states in material part:

> He describes the pain as a soreness and a stiffness. Stiffness is worse in the morning. Soreness is worse at the end of the day especially if he has been working. Occasionally he gets what he calls a needle pain in his back. Overall he is better with activity, except lifting which is quite aggravating. He does not find his job aggravating. He has been off work for this for some time as a result of his MRI scan . . . Treatments have included medications including Naprosyn of which he takes about one a day, pain, muscle relaxants which he takes very infrequently. He tries to stretch and walk every morning to get moving. He feels he would like to return to his job. He never has any radiation of his pain. . .

> \*\*\*
>
> Physical Examination: . . .Back: straight, non tender, no spasm. Excellent range of motion. Knee/chest and straight leg raising well performed. Extremities: no atrophy, edema or deformity.
>
> Neurologic Examination: Lower extremities: Normal muscle tone and strength throughout. Normal reflexes. Normal sensation.
>
> Decision Making: patient has symptoms of mechanical back pain problem. He manifests no radiculopathy. MRI scan shows multilevel degenerative disc disease worse at L4-5, somewhat advanced for this age. However, symptoms are not those of nerve compression despite some of the MRI findings. I feel that physical therapy will likely help him. I encourage him to take his anti-inflammatories twice a day as they are prescribed. If physical therapy is ineffective, one might consider interventional management pain with fact injections. He is not wishing to proceed with this at this time. I feel it would be unsafe for him to return to his job (as custodian).

(Tr. 152-153).

After Dr. Marchand's evaluation, Plaintiff was treated with pain medication and muscle relaxants. (Tr. 176, 119).

On March 19, 2007, treating physician M. Dozier , M.D., charted that Plaintiff had chronic back pain and abnormal MRI that limited his activity, and made prolonged sitting, standing, bending and lifting difficult. (Tr. 174). This evaluation was made despite the fact that examination of Plaintiff's spine on that day was "deferred." (Tr. 174). None of the medical records presented to the ALJ contained recorded findings of a back examination by Dr. Dozier. ( See also Tr. 173, 176).

### B.     Evidence submitted to the Appeals Council.

Following the ALJ's denial of his claim, Plaintiff submitted additional records to the Appeals Council, documenting medical care he received from July 30, 2007 to May 19, 2009. (Tr. 7). After considering the new evidence the Appeals Council found that it did not provide a basis for changing the ALJ's decision. (Tr. 4-5). The Appeals Council's consideration of the new material constitutes an implicit determination that the evidence was "new and material." See Martinez v. Barnhart, 444

3

F.3d 1201, 1207 (10th Cir. 2006); 20 C.F.R. §416.1470(b). New and material evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. 20 C.F.R. § 416.1470(b). In conducting review for substantial evidence of the issues presented the Court must consider this additional evidence. Martinez, 444 F.3d at 1208. These records reflect the following:

1) Plaintiff reported worsening back pain on July 30 2007, although he also stated he had been out of medication for a month. Dr. Dozier noted mild scoliosis and marked spasm on the L/S area. (Tr. 243).

2) On January 8, 2008 Plaintiff complained of back pain, and numbness and pain in his feet. Dr. Dozier noted moderate back spasms and decreased sensation in the feet with some venous changes. He diagnosed chronic back pain and neuropathy[2]. (Tr. 236).

3) When evaluated for admission to an alcohol treatment program on July 22, 2008, Plaintiff's only significant physical finding was abdominal tenderness attributed to gastritis. (Tr. 229).

4) Plaintiff was evaluated for complaints of stomach pain, attributed to alcoholic gastritis on August 15, 2008, . (Tr. 226-227).

5) Plaintiff was evaluated for complaints of low back pain and a one month history of headache on August 29, 2008 . (Tr. 224).

6) Two weeks after the hearing before the ALJ, on October 31, 2008, Plaintiff was seen for the first time by Mark D. Bonnell, M.D., complaining of back pain, knee pain

---

[2]Neuropathy refers to any disease, or disorder affecting any segment of the nervous system. Stedman's Illustrated Medical Dictionary, 1048 (25th Ed. 1990).

   and headache. (Tr. 214). Dr. Bonnell noted moderate deformity and crepitus of the right knee, and moderate decreased range of motion of the back with some splinting. X-rays documented severe osteoarthritic changes of both knees, more prominent on the right, with significant joint space loss, sclerosis and osteophytosis. (Tr. 184). In a letter written the same day Dr. Bonnell, citing the x-ray findings, stated that Plaintiff was "totally and permanently disabled because of severe degenerative arthritis of the right knee. . . (t)he knee is rubbing bone on bone. He is unable to any work involving more than a few minutes of standing or walking and is unable to squat or kneel." (Tr. 10).

7) Dr. Bonnell treated Plaintiff for colitis, enteritis and gastroenteritis on December 12, 2008. Plaintiff advised him that he had not been taking his pain pills or muscle relaxants. (Tr. 209).

8) Dr. Bonnell evaluated Plaintiff again for stomach pain on January 2, 2009. (Tr. 205).

9) One week later Plaintiff asked Dr. Bonnell for a letter regarding his back limitations for his place of employment. (Tr. 202). If a letter was written at this time, it was not made part of the records before this court.

10) On January 29, 2009, Plaintiff saw Dr. Bonnell complaining of stomach, back and right knee pain, and numbness of his feet. Dr. Bonnell noted that Plaintiff had nearly full range of motion of his back, strong pulses in the feet, but absent filament sensation in the toes. He diagnosed alcohol dependence, chronic back pain, chronic knee pain with severe degenerative joint disease of the right knee, neuropathy symptoms in the feet, probably from alcohol, and recurrent dyspepsia, also probably from alcohol. (Tr. 201).

11) Plaintiff returned to Dr. Bonnell on April 8, 2009, with exacerbated back pain radiating into both buttocks following ditch work.  Dr. Bonnell noted moderate splinting, decreased range of motion and paralumbar tenderness of the back.  He injected multiple paralumbar trigger points with lidocaine and Depomedrol, and issued Plaintiff a ditch excuse.

**II.     Standard of Review**.

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. See Poppa v. Astrue, 569 F.3d 1167, 1169 (10th Cir.2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. Branum v. Barnhart, 385 F.3d 1268, 1270 (10th Cir.2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir.2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. See Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir.2008) (quotations and citations omitted).

Applying this standard of review, I disagree with the finding of the Appeals Council, and find that the new evidence changes the outcome of this case, as the ALJ's decision is no longer supported by substantial evidence.

**III.    Analysis.**

    **A.    Credibility**

Plaintiff contends that the ALJ's credibility determination is not supported by substantial evidence.    In reviewing credibility determinations, the court should "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." Casias v. Secretary of Health and Human Services, 933 F.2d 799, 801 (10th Cir.1991). The findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ must explain why specific evidence supports the conclusion that a claimant's subjective complaints are not credible, and must "articulate specific reasons for questioning the claimant's credibility . . ." Kepler, Id.

In discounting Plaintiff's credibility, the ALJ referred specifically to Plaintiff's statement that he could return to work as a custodian with the use of appropriate medication. (Tr. 18, 20, referring to Tr. 30).  In the body of her opinion the ALJ also discussed, among other things, Plaintiff's admission that he did housecleaning, cooking, ironing, laundry and yard work and cared for his elderly mother (Tr. 17 & 19, referring to 108-112), his statement that he could lift up to 40 pounds and walk a mile without stopping (Tr. 19, referring to Tr. 113), and his statement to Dr. Marchand that he did not find his job as a custodian aggravating, except for the lifting requirements. (Tr. 19, referring to Tr. 152).

I find that the ALJ's credibility finding is supported by substantial evidence.

    **B.    Treating Physician Rule and Determination of Plaintiff's RFC.**

Based on the information before her, the ALJ determined that Plaintiff retained the residual functional capacity for the full range of light work, limited to occasional stooping and crouching,

and moderate exposure to excessive heat and cold. (Tr. 18). Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds, requires a good deal of walking, standing, or pushing and pulling when sitting is involved. SSR 83-10.20 C.F.R. §416.967(b).

The ALJ relied on the December 21, 2006 opinion of a non-examining physician, Edward Bocian, M.D., in arriving at this RFC. (Tr. 33-34, 161-167, 19). Dr. Bocian did not, and could not, have considered the new and material evidence submitted to the Appeals Council in reaching his opinion. Consideration of new and material evidence presented to the Appeals Council, specifically the records of Dr. Bonnell, fatally undermines the ALJ's analysis of Plaintiff's RFC. Dr. Bonnell is a treating physician, whose opinion is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. §416.927(d)(2). Even if a treating source opinion is not given controlling weight, it is still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §416.927.[3] Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003). Opinions of medical sources may be rejected only on the basis of contradictory medical evidence and not due to credibility judgments, speculation or lay opinion. McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir.2002) (citation and internal quotations marks omitted). The determination of whether a claimant is disabled is reserved to the Commissioner, and opinions of treating sources on this issue are given no special significance or controlling weight.

---

[3]These factors include: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir.2004), quoting Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir.2003).

20 C.F.R. §416.927(e)(2 & 3); SSR 96-5p, West's Soc. Sec. Reporting Serv. 123-24 (Supp.2004); SSR 96-8p, West's Soc. Sec. Reporting Serv. 150, n. 8 (Supp.2004). Such opinions, however, must not be ignored and will be evaluated in accordance with the regulatory factors. 20 C.F.R. §416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp.2004).

Dr. Bonnell diagnosed a medical condition that was not considered by the ALJ, severe arthritis of the right knee. This diagnosis was confirmed by x-rays studies, therefore it is well supported. Based on subjective complaints and objective findings, Dr. Bonnell stated that Plaintiff's ability to stand and walk were limited to "a few minutes," and that he was unable to squat or kneel. (Tr. 10). There is no medical evidence controverting Dr. Bonnell's assessment. Dr. Bonnell's assessment of Plaintiff's functional capacity is inconsistent with the ability to do the full range of light work.

### C.    Date of Onset.

Evidence related to Plaintiff's knee arthritis and its impact on his residual functional capacity may affect the determination of the proper date of onset of disability, if any. According to the Tenth Circuit, "[f]actors relevant to determining an onset date include the claimant's allegations of an onset date and the claimant's work history, but '[t]he medical evidence serves as the primary element in the onset determination.' " Wiederholt v. Barnhart, No. 03-3251, 121 Fed. Appx. 833, 837 (10th Cir.2005) (quoting Soc. Sec. Rul. 83-20, 1983 WL 31249, at *2 (1983)). " '[T]he established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence.' " Id. (quotation omitted.) Where the medical evidence of onset is ambiguous, it may be necessary for an ALJ to call a medical advisor at the hearing to infer an onset date. Id.

**IV.     Recommended Disposition.**

Based upon the foregoing, I recommend that the Plaintiff's Motion be granted in part, and that this matter be remanded to the Commissioner for additional proceedings, specifically:

A).    Consideration by the ALJ of the medical evidence related to Plaintiff's severe knee arthritis, and the impact of that condition, in combination with his other impairments, on his residual functional capacity. The Commissioner and Plaintiff may develop and submit additional evidence on this issue.

B).    Utilization of a Vocational Expert in evaluating Plaintiff's claims at step five of the sequential evaluation process.

C).    Determination of an appropriate date of onset of disability, if any, with the assistance of a medical advisor.

_____
**Richard L. Puglisi**
**Chief United States Magistrate Judge**